UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JULIAN MEAR,

Plaintiff,

-against-

ROBERT CAPUTO,

Defendant.
---------------------------------------------------------x

Case No. 7:24-cv-7696-CS

Honorable Cathy Seibel

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Robert Caputo, (hereinafter "Caputo" or Defendant), by and through his attorney John M. Dillon, Esq, hereby submits this Answer to the Amended Complaint (hereinafter "AC" ), of Plaintiff Julian Mear, (hereinafter "Mear" or "Plaintiff") dated [AC paper copy dated 1/24/24] [however official document of the Southern District of New York shows filing 1/24/25] and responds, alleges, and avers, as to its own knowledge and otherwise on information and belief, as follows:

## ANSWER

## NATURE OF THE CLAIM

## INTRODUCTION

FIRST: Paragraphs 1 and 2 of the AC describe the nature of the action as delineated by Plaintiff and do not contain factual allegations which require response, however, in the event there is anything of a factual nature contained therein, Defendant denies same.

## JURISDICTION AND VENUE

SECOND: Paragraphs 3, 4, and 5 of the AC contain Plaintiff's legal assertions as to the jurisdiction of this Court to hear this matter and to that extent Defendant refers all questions of law to this Honorable Court.

**PARTIES**

THIRD: Defendant denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph 6 of the AC.

FOURTH: Defendant admits the allegation contained in paragraph 7 of the AC.

**STATEMENT OF FACTS**

FIFTH: Defendant admits the allegations contained in paragraphs 8, 9, 10 and 11 of the AC.

SIXTH: Defendant denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph 12 of the AC.

SEVENTH: Admits the allegations contained in paragraph 13 of the AC except that Defendant was involved in the area of cryptocurrencies such as BTC prior to 2015.

EIGHTH: Denies the allegations contained in paragraphs 14 and 15 of the AC as same are irrelevant and immaterial to the gravamen of the AC.

NINTH: Admits so much of the allegations contained in paragraph 16 of the AC that Defendant had invested BTC of his own in an arbitrage platform managed by friends who were skilled ex-Wall Street traders and Plaintiff expressed a willingness and desire to also invest.

TENTH: Admits so much of the allegations contained in paragraph 17 of the AC that over the next several months, Plaintiff on a number of occasions continued to express his interest to invest his personal funds in a BTC arbitrager platform to be managed by the ex- Wall Street traders with whom Defendant had previously been engaged.

ELEVENTH: Denies the allegations contained in paragraph 18 of the AC.

**THE PARTIES EXCHANGE A DRAFT NOTE**

TWELFTH: Denies the allegation contained in paragraph 19 of the AC.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the

allegations contained paragraph 20, 21, 22, 23 and 24 of the AC except admits that at Plaintiff's request, he was furnished with a form document that was customarily used for investment in cryptocurrencies such as BTC.

**THE PARTIES FORM A CONTRACT**

FOURTEENTH: Denies the allegation contained in paragraph 25 of the AC.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 26, 27 and 28 of the AC, except admits that, at Plaintiff's request, a Bitcoin wallet was sent to him after which he transferred 20 BTC into the designated wallet address.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph 29 of the AC except that it is asserted Plaintiff transferred 20 BTC, as an investment into the designated wallet address of his own volition and without coercion from any other person.

**DEFENDANT DEFAULTS**

SEVENTEENTH: Denies the allegations contained in paragraph 30 of the AC and specifically denies that the parties had entered into any agreement between them dated February 22, 2019.

EIGHTEENTH: Defendant denies the allegation in contained paragraph 31 of the AC except admits that in September 2019, Defendant gave $6000 in cash to Plaintiff and further admits so much of the allegation contained in paragraph 32 of the AC that in September of 2019, Defendant brought 2 BTC to Plaintiff, at which time Defendant explained that these were "proceeds" from the BTC Plaintiff had invested in the crypto wallet of Marlon Beckford.

NINETEENTH: Denies so much of the allegation in paragraph 33 of the AC, that these payments were in partial payments of Defendant's obligations in relation to Plaintiff by

Defendant.

TWENTIETH: Denies the allegation contained in paragraph 34 of the AC and at the time these "funds" were given to Plaintiff, Defendant explained that these were Plaintiff's "proceeds" from the BTC had been invested in the crypto wallet of Marlon Beckford.

TWENTY-FIRST: Denies the allegation contained in paragraph 35 of the AC, except admits that sometime in April of 2020, Plaintiff reached out to Defendant requesting that Defendant further inquire as to additional "proceeds" from the BTC Plaintiff had invested in the crypto wallet of Marlon Beckford.

TWENTY-SECOND: Denies the allegation contained in paragraph 36 of the AC.

TWENTY-THIRD: Denies the allegation contained in paragraph 37 of the AC except admits that Defendant forwarded a message to Plaintiff from Marlon Beckford stating that the original coins would be returned with the interest to be paid to be determined by the performance of the **[investment]** platform.

TWENTY-FOURTH: Denies the allegation contained in paragraph 38 of the AC.

TWENTY-FIFTH: Admits the allegation contained in paragraph 39 of the AC.

TWENTY-SIXTH: Denies the allegation contained in paragraph 40 of the AC.

TWENTY-SEVENTH: Denies the allegation contained in paragraph 41 of the AC except admits that in or October of 2020 Plaintiff asked the Defendant to please let him [me] know how we can arrange getting the BTC/$ from your guy.

TWENTY- EIGHTH: Denies the allegations contained in paragraphs 42, 43 and 46 of the AC.

TWENTY-NINTH: Admits the allegations contained in paragraph 44 of the AC.

THIRTIETH: Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph 45 of the AC but denies Plaintiff loaned BTC to Defendant and

further asserts that during the period Plaintiff requested that Defendant further inquire as to the status of the BTC Plaintiff had invested in the crypto wallet of Marlon Beckford.

**DEFENDANT REPUDIATES THE CONTRACT**

THIRTY-FIRST: Denies the allegation contained in paragraph 47 of the AC except admits that in or about March or April of 2024, Plaintiff asked for a meeting to discuss the status of the BTC Plaintiff had invested in the crypto wallet of Marlon Beckford.

THIRTY-SECOND: Denies the allegation contained in paragraph 48 of the AC except asserts that Plaintiff was always aware that he had invested the BTC in the crypto wallet of Marlon Beckford.

THIRTY-THIRD: Denies the allegations contained in paragraph 49 of the AC except admits that in or about May of 2024, there was a three-way phone call between Plaintiff, Defendant and Marlon Beckford wherein Plaintiff sought repayment from Marlon Beckford of the BTC Plaintiff had invested in the crypto wallet of Marlon Beckford.

THIRTY-FOURTH: Denies the allegation contained in paragraph 50 of the AC.

THIRTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraphs 51 and 52 of the AC.

**FIRST CAUSE OF ACTION-BREACH OF CONTRACT**

THIRTY- SIXTH: Defendant repeats and realleges each and every response in the Answer contained in paragraphs FIRST through THIRTY-FIFTH as if fully set forth herein at length.

THIRTY-SEVENTH: Denies the allegation contained in paragraph 54 of the AC.

THIRTY-EIGHTH: Denies the allegation contained in paragraph 55 of the AC.

THIRTY-NINTH: Denies the allegation contained in paragraph 56 of the AC.

FORTIETH: Denies the allegation contained in paragraph 57 of the AC.

FORTY-FIRST: Denies the allegation contained in paragraph 58 of the AC.

FORTY-SECOND: Denies the allegation contained in paragraph 59 of the AC.

FORTY-THIRD: Denies the allegation contained in paragraph 60 of the AC.

FORTY-FOURTH: Denies the allegation contained in paragraph 61 of the AC.

FORTY-FIFTH: Denies the allegation contained in paragraph 62 of the AC.

FORTY-SIXTH: Denies the allegation contained in paragraph 63 of the AC.

FORTY-SEVENTH: Denies the allegation contained in paragraph 64 of the AC.

**WHEREFORE**

FORTY-EIGHTH: The "WHEREFORE" clause ( including subparagraphs A,B and C) states various demands for relief to which no response is required but, should a response be required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

FORTY-NINTH: Defendant denies any other allegations in the AC that are not specifically admitted or denied herein.

**AFFIRMATIVE DEFENSES**

FIFTIETH: Defendant asserts the following affirmative defenses without assuming the burden of proof that would otherwise rest with the Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

FIFTY-FIRST: Plaintiff fails to allege facts sufficient to support judgment or a finding of liability against Defendant and therefore, Plaintiff's AC fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

FIFTY-SECOND: Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk, in that Plaintiff, with full knowledge of the risk of loss, voluntarily invested 20 BTC, in the crypto wallet of Marlon Beckford.

**THIRD AFFIRMATIVE DEFENSE**

FIFTY-THIRD: Plaintiff's AC fails to demonstrate an enforceable agreement between the parties as it fails to specifically reference a document executed by the Defendant but merely points to a "draft promissory note" which at best is merely an "agreement to agree" which is insufficient to constitute a contract.

**FOURTH AFFIRMATIVE DEFENSE**

FIFTY- FOURTH: Plaintiff's AC fails to plead all the necessary elements of a cause of action for breach of contract including but not limited to consideration in that Plaintiff has failed to identify the value which Defendant has received.

**FIFTH AFFIRMATIVE DEFENSE**

FIFTY-FIFTH: Plaintiff's breach of contract claim is barred by the New York State Statute of Frauds as found in New York General Obligations Law § 5-701 (a) (1).

**SIXTH AFFIRMATIVE DEFENSE**

FIFTY-SIXTH: Plaintiff's claims are barred in whole or in part, by the doctrine of waiver, estoppel, and/or laches based upon Plaintiff's own conduct. Among other things, Plaintiff with knowledge of the fact that Plaintiff had voluntarily invested 20 BTC, in the crypto wallet of Marlon Beckford, with full knowledge of the risk of loss, failed to timely commerce the instant action.

**SEVENTH AFFIRMATIVE DEFENSE**

FIFTY-SEVENTH: To the extent Plaintiff has suffered any damages for which the law would provide a remedy, which Defendant denies, any such damage resulted from the acts or omissions of persons or entities other than the defendant.

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff dismissing the Amended Complaint in its entirety together with such other and further relief as the Court deems just and proper.

Dated: March 25, 2026
Larchmont, New York

Respectfully submitted,

*/s/ John M. Dillon*

JOHN M. DILLON
16 Birchfield Road
Larchmont, NY 10538
Tel: (914) 261-8457
Email: john.dillon@dillonlaw.com

*Counsel for Defendant Robert Caputo*