**LAW OFFICE OF D. J. JONES PLLC**

**DANIEL JOSEPH JONES**
ATTORNEY AND COUNSELOR AT LAW
JOE@DJJON.ES

July 6, 2026

Hon. Cathy Seibel
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: Reply to Defendant's Letter Regarding Summary Judgment**
**Julian Mear v. Robert Caputo, 7:24-cv-07696-CS**

Honorable Judge:

Defendant's letter at ECF Document No. 33, while vaguely worded, appears to request a pre-motion conference regarding summary judgment against Plaintiff. Plaintiff opposes such a request for the following reasons:

1. Summary judgment can only be granted where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, drawing any inferences from the facts in the light most favorable to the non-moving party. *Golden Pacific Bancorp v. FDIC*, 375 F. 3d 196, 200-201 (2d Cir. 2004). As far as Plaintiff's counsel can discern, Defendant's letter does not specify why Defendant should be entitled to judgment as a matter of law based upon material facts that are beyond genuine dispute. Rather, Defendant is merely attempting to re-litigate his prior 12(b)(6) motion.

2. Thanks to Defendant's stonewalling as outlined in ECF Document No. 32 (which Defendant has not attempted to dispute or justify to the Court), Plaintiff has neither received a single document production from Defendant nor had the opportunity to depose Defendant. In such circumstances, summary judgment against Plaintiff is improper. See, e.g., *National Life v. Solomon*, 529 F.2d 59 (2d Cir. 1975) (reversing summary judgment granted before non-movant was able to conduct

discovery); *Gary Plastic Packaging v. Merrill Lynch*, 756 F.2d 230, 236-237 (2d Cir. 1985) (reversing summary judgment as abuse of discretion when plaintiff had not obtained information from defendant's officers and was "forced to proceed without knowledge of many material facts"); *Hellstrom v. U.S. Dept. of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) ("only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery"). F.R.C.P. 56(d) provides a mechanism for the Court to deny or defer consideration of summary judgment in such circumstances.

Therefore, Plaintiff requests:

(1) That the Court defer consideration of any summary judgment motion against Plaintiff until Defendant: (1) submits to a deposition; (2) discloses the relevant non-privileged documents in his possession as requested by Plaintiff; and (3) clarifies why Defendant should be entitled to judgment as a matter of law based upon material facts that are beyond genuine dispute.

(2) That the agenda for the July 23 conference with the Court be limited to discovery issues.

Very truly yours,

***/s/ Daniel Joseph Jones***

Daniel Joseph Jones
Attorney for Plaintiff Julian Mear

*Served by ECF to:*
*John Dillon, Attorney for Defendant Robert Caputo*