LAW OFFICE OF D. J. JONES PLLC

DANIEL JOSEPH JONES
ATTORNEY AND COUNSELOR AT LAW
JOE@DJJON.ES

August 24, 2026

Hon. Cathy Seibel
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: Discovery Disputes in Mear v. Caputo, 7:24-cv-07696-CS**

Honorable Judge:

At the discovery hearing on July 23, you directed that documents responsive to Plaintiff's requests for production numbered 3, 4, 5, 8, and 11 had to be produced by August 13. Unfortunately, Defendant has not complied with your order, making it the second time that he has materially violated a Court order regarding discovery (see ECF Doc 32). The currently outstanding violations are as follows:

1. Defendant did not produce any documents or provide any supplemental response as of August 13.

2. After a warning email from Plaintiff on August 14, Defendant finally responded late in the afternoon on August 18, the last day of the dispute resolution period under your scheduling order, with the following response to RFPs 3, 4, and 5 pertaining to communications and transaction records with Marlon Beckford:

   *"During the period covering the requests, Defendant was represented by the Law Offices of Joseph C. Messina, Esq. who had dealings with Marlon Beckford on behalf of Defendant, including written correspondence [i.e. texts and emails]. Unfortunately, during the period in question, Mr. Messina's law practice ceased to function and he was subsequently disbarred from the practice of law in this State. Upon information and belief all the files relative to Plaintiff's request [which may have had some requested documentation], were destroyed when the Messina office closed and never returned to Defendant. Mr. Messina moved to Florida after his disbarment and passed away there in 2025. Defendant has no further*

*information on the possible existence of those files although inquiry has been made concerning anyone with knowledge [relatives]. Defendant therefore has no documentation or material in its possession which would be responsive to Plaintiff's Disclosure Requests 3, 4, and 5."*

Defendant clearly possessed responsive documents before this lawsuit commenced. He previously forwarded to Plaintiff certain e-mails and text messages from Mr. Beckford, including an e-mail from Mr. Beckford addressed directly to "Robert" and date-stamped August 2018, and fragments of a text message conversation between Defendant and Mr. Beckford from May to September 2024. See Exhibit B to ECF Doc 33, pp. 101, 105 (in which Defendant refers to Mr. Beckford by the alias "Major Harris"). Even if some records were in the possession of Mr. Messina, it would not explain why Defendant no longer possesses records of his direct communications with Mr. Beckford. Also, any written communications merely forwarded through Mr. Messina would not be privileged and would be covered by Plaintiff's RFPs.

3. As of today, Defendant has still not provided any supplemental response to RFPs 8 and 11.

Plaintiff has noticed a deposition of Defendant to take place on Friday, September 11. Despite Plaintiff's multiple written requests, Defendant's counsel has not provided any candidate dates for a deposition and has not agreed to the date noticed by Plaintiff. Plaintiff expects that either Defendant will refuse to appear for his duly noticed deposition (as has occurred twice already), or his testimony will admit the existence of withheld or destroyed evidence.

Therefore, while Plaintiff intends to seek sanctions for Defendant's willful and repeated non-compliance with your discovery orders pertaining to Plaintiff's RFPs, Plaintiff requests that the Court allow Plaintiff to move for such sanctions no later than Wednesday, September 23, so that any new information or disputes resulting from Defendant's deposition may be included in the motion.

Very truly yours,

***/s/ Daniel Joseph Jones***
Daniel Joseph Jones
Attorney for Plaintiff Julian Mear

*Served by ECF to John Dillon, Attorney for Defendant Robert Caputo*